IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Vicky J. Dyer, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:14-cv-499 |
| ) | |
| Resurgent Capital Services, L.P., ) | Jury Trial Demanded |
| LVNV Funding, LLC, Allied Interstate, ) | |
| LLC, and First National Collection Bureau, ) | |
| Inc. ) | |
| Defendants ) | |
| ) | |

## COMPLAINT

### INTRODUCTION

1.  This is an action for damages against the Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.

### JURISDICTION

2.  Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 (federal question jurisdiction).

3.  This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter referred to as "FDCPA") by Defendants, in their illegal efforts to collect a consumer debt.

4.  Venue is proper in this District because the acts and transactions occurred here, Defendants transact business here and Plaintiff resides here.

1

## PARTIES AND PERSONAL JURISDICTION

5. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 4 above as if set forth fully herein.

6. Plaintiff, Vicky J. Dyer, (hereafter referred to as "Plaintiff" and/or "Ms. Dyer") is a resident of this State, District and Division who is authorized by law to bring this action.

7. Defendant Resurgent Capital Services, L.P. (hereafter referred to as "Defendant Resurgent") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a foreign limited partnership organized in Delaware, with its principal office located at Mail Stop 425, Suite 300, 55 Beattie Pl., Greenville, SC 29601-2127 and maintains Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312, as its registered agent for service of process.

8. Defendant LVNV Funding, LLC (hereafter referred to as "Defendant LVNV") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a foreign limited liability company organized in Delaware, with its principal office located at 625 Pilot Road, Suite 3, Las Vegas, NV 89119-4485 and maintains Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312, as its registered agent for service of process.

9. Defendant Allied Interstate, LLC (hereafter referred to as "Defendant Allied") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a foreign limited liability company organized in Minnesota, with its principal office located at Attn: Matthew Johnson,12755 Highway 55, Suite 300, Plymouth, MN 55441-4676 and maintains CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

10. Defendant First National Collection Bureau, Inc. (hereafter referred to as "Defendant FNC") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a foreign fore profit corporation organized in Nevada, with its principal office located at Attn: Suzie Reynolds, 610 Waltham Way,

McCarran, NV 89434-6695 and maintains LEXISNEXIS Document Solutions, Inc., 2908 Poston Avenue, Nashville, TN 37203-1312 as its registered agent for service of process.

11. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

FACTUAL ALLEGATIONS

12. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 11 above as if set forth fully herein.

13. Defendants' allege Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. Within a year prior to the filing of this Complaint, on or about February 1, 2014, Defendant Allied sent a collection letter dated February 1, 2014 to Ms. Dyer.

15. The February 1, 2014 collection letter from Defendant Allied was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the February 1, 2014 collection communication is attached hereto as Exhibit A and incorporated herein by reference.

16. The February 1, 2014 collection letter stated (a) that Defendant Allied, client and the current creditor on the account was Defendant LVNV; (b) the last four digits of the original creditor account were 2007; (c) the last four digits of Defendant Allied's reference number were 0997, and (4) the Plaintiff owed a balance of $1,695.18.

17. Thereafter, Ms. Dyer received a subsequent collection letter from Defendant Allied

3

approximately one month later dated March 11, 2014.

18. The March 11, 2014 collection letter from Defendant Allied was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the March 11, 2014 collection communication is attached hereto as Exhibit B and incorporated herein by reference.

19. The March 11, 2014 collection letter stated (a) that Defendant Allied, client and the current creditor on the account was Defendant LVNV; (b) the last four digits of the original account were 2007, (c) the last four digits of Defendant Allied's reference number was 0997, and (4) the Plaintiff owed a balance of $1,708.65.

20. Thereafter, Ms. Dyer received a subsequent collection letter from Defendant FNC approximately one month later dated April 25, 2014.

21. The April 25, 2014 collection letter from Defendant FNC was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the April 25, 2014 collection communication is attached hereto as Exhibit C and incorporated herein by reference.

22. The April 25, 2014 collection letter stated (a) that Defendant FNC, client and the current creditor on the account was Defendant LVNV; (b) the last four digits of the original account were 2007; (c) the last four digits of Defendant FNC's reference number was 0266, and (4) the Plaintiff owed a balance of $1,728.65.

23. Thereafter, Ms. Dyer received a subsequent collection letter from Defendant FNC approximately one month later dated July 11, 2014.

24. The July 11, 2014 collection letter from Defendant FNC was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as

that term is defined by 15 U.S.C. §1692a(2). A copy of the July 11, 2014 collection communication is attached hereto as Exhibit D and incorporated herein by reference.

25. The July 11, 2014 collection letter stated (a) that Defendant FNC, client and the current creditor on the account was Defendant LVNV; (b) the last four digits of the original account were 2007; (c) the last four digits of Defendant FNC's reference number was 0266, and (4) the Plaintiff owed a balance of $1,754.42.

26. Plaintiff has made no payments to the above-referenced account since the February 1, 2014 collection correspondence.

CAUSES OF ACTION
FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
UNFAIR PRACTICES

27. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 26 above as if set forth fully herein.

28. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violations of the FDCPA include, but are not limited to, the collection of amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692f(1).

29. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $1,695.18 is demanded in the Defendant Allied's collection letter dated February 1, 2014; then the balance increases to $1,708.65 pursuant to Defendant Allied's collection letter dated March 11, 2014; then the balance increases to $1,728.65 pursuant to Defendant FNC's collection letter dated April 25, 2014; then the balance increases to $1,754.42 pursuant to Defendant FNC's collection letter

dated July 11, 2014.

30. A simple understanding of accruing interest shows that the amounts demanded by Defendants is a result of Defendants' efforts to keep Ms. Dyer confused as to the amount owed since they are completely random and accrue incalculable rates of interest that are neither authorized in the agreement creating the debt nor permitted by law.

31. A calculation of the Defendants' demands of various balances on this account demonstrates interest accruing on the account at a rate of 7.632% based upon an annual percentage rate ("APR") from the February 1, 2014 collection letter demanding $1,695.18 to the March 11, 2014 collection letter demanding $1,708.65.

32. A calculation of the Defendants' demands of various balances on this account demonstrates interest accruing on the account at a rate of 9.494% based upon an annual percentage rate ("APR") from the March 11, 2014 collection letter demanding $1,708.65 to the April 25, 2014 collection letter demanding $1,728.65.

33. A calculation of the Defendants' demands of various balances on this account demonstrates interest accruing on the account at a rate of 7.067% based upon an annual percentage rate ("APR") from the April 25, 2014 collection letter demanding $1,728.65 to the July 11, 2014 collection letter demanding $1,754.42.

34. Ms. Dyer asserts that her interest rate on her Wells Fargo Bank, N.A. account ending in 8269 was never 7.632% APR, nor 9.494%, nor 7.067%.

35. By demanding amounts that increase at a rate of interest which is inconsistent with the contractual rate of interest, and a continually increasing amount sought on each additional collection letter, Defendant has confused Ms. Dyer as to what amount of money she owes on this account.

6

Case 3:14-cv-00499-PLR-CCS   Document 1   Filed 10/21/14   Page 6 of 9   PageID #: 6

36. Ms. Dyer asserts that the constantly changing balances demanded by Defendants demonstrate that the Defendants do not have actual knowledge of the correct amount owed on this account, if any.

37. Ms. Dyer asserts that the constantly changing balances demanded by Defendants demonstrate that the Defendants do not have actual knowledge of the correct amount of interest applicable to this account, if any.

38. Ms. Dyer further asserts that Defendants are attempting to keep her confused as to the amount owed, so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

39. Defendants' collection letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing, late charges and other charges may vary from day to day, and therefore even if she were to pay the full amount demanded of her, Defendants may still seek more from her in the future.

40. The collection letters from Defendants assert varying balances owed, and after calculating the time that had passed between the letters and the change in the amount demanded, it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the original agreement creating the debt.

41. As a result of Defendants' actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO
THE AMOUNT OF THE ALLEGED DEBT

42. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 41

above as if set forth fully herein.

43. The acts of Defendants constitute violations of the FDCPA. Violations by the Defendants of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

44. Each and every letter from Defendants demands a different amount from the Plaintiff.

45. As more fully described in the first cause of action *supra*, a calculation of the time between the Defendant's collection letters and the amounts sought shows that each and every collection effort has accrued a different amount of interest, and none of them applied the contractual rate of interest or an amount permissible by applicable law.

46. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have confused Ms. Dyer as to what amount of money is owed on this account.

47. Ms. Dyer is confused as to who is owed and what amount on this account since the Plaintiff has received various collection letters from various collectors and with varying balances and non-contractual interest rates applied.

As a result of Defendants' actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

48. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 47 above as if set forth fully herein.

49. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendants to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 21st day of October 2014.

VICKY J. DYER

BY: /s/ Brent Travis Strunk _____
Brent Travis Strunk (BPR 023050)
Attorney for Plaintiff

Brent Travis Strunk, Esq.
Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865-688-0868
(f) 865-688-2950
consumerbk@comcast.net